UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY GERBER | ) | CASE NO. |
| 120 Sunset Drive, Lot #26 | ) | |
| Lodi, OH 44254 | ) | JUDGE |
| | ) | |
| *On behalf of himself and all others* | ) | **PLAINTIFF'S COLLECTIVE** |
| *similarly situated,* | ) | **ACTION COMPLAINT** |
| | ) | |
| Plaintiff, | ) | (Jury Demand Endorse Herein) |
| | ) | |
| *v.* | ) | |
| | ) | |
| HOOK-N-HAUL, LLC | ) | |
| c/o Statutory Agent Bryan Whittenberger | ) | |
| 355 Elyria Street | ) | |
| Lodi, OH 44254 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| BRYAN WHITTENBERGER | ) | |
| 9225 Stone Rd | ) | |
| Litchfield, OH 44253-9789 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Zachary Gerber, by and through counsel, for his Collective Action Complaint

against Defendants Hook-N-Haul, LLC (hereinafter "Hook-N-Haul") and Bryan Whittenberger

(collectively "Defendants") states and alleges the following:

## INTRODUCTION

1.      Plaintiff brings this case to challenge the policies and practices of Defendants

Hook-N-Haul and Bryan Whittenberger that violate the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201-219, as well as the laws of the State of Ohio. Plaintiff brings this case as an FLSA

"collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or

more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Zachary Gerber was a citizen of the United States and a resident of Medina County, Ohio.

6.      Defendant Hook-N-Haul is an Ohio for profit limited liability company with its principal place of business in Medina County, Ohio. According to records maintained by the Ohio Secretary of State, Hook-N-Haul's statutory agent for service of process is Bryan Whittenberger, 355 Elyria Street, Lodi, OH 44254.

7.      Defendant Bryan Whittenberger is, upon information and belief, a citizen of the United States and a resident of Medina County, Ohio. Defendant Bryan Whittenberger is an owner of Defendant Hook-N-Haul.

2

## FACTUAL ALLEGATIONS

### Defendants' Business

8.      Defendant Hook-N-Haul is a trucking, towing, and automotive service company. Hook-N-Haul offers both in shop and 24 hour roadside service, including service of all makes and models of trucks and trailers. Some of Hook-N-Haul's services include welding and fabrication. Hook-N-Haul employs service technicians, welders, among others, to perform services.

### Defendants' Statuses as Employers

9.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff and the other members of the FLSA Collective.

10.      At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11.      Defendant Bryan Whittenberger is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Hook-N-Haul, "in relation to employees," including Plaintiff and other members of the FLSA Collective. Defendant Bryan Whittenberger is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Hook-N-Haul's day-to-day functions, including the compensation of employees including Plaintiff and the other members of the FLSA Collective.

12.      At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14.     Defendants were each employers of Plaintiff and the other members of the FLSA Collective as each Defendant exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's and the FLSA Collective's Non-Exempt Employment Statuses with Defendants

15.     Plaintiff Zachary Gerber was employed by Defendants from approximately June 2018 to December 2018 and June 2019 to June 2020 as a service technician and a welder.

16.     Part of Plaintiff's and the FLSA Collective's job duties included regularly and recurrently handling multiple goods and products that have been produced or moved in interstate commerce that were necessary for Defendants' commercial purpose and regular and recurrent use of the instrumentalities of interstate commerce to perform their job duties.

17.     At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18.     At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay Overtime Compensation

19.     The FLSA required Defendants to pay their non-exempt employees, including Plaintiff and other members of the FLSA Collective, overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek.  29

4

U.S.C. § 207. Ohio law likewise required Defendants to pay overtime compensation to their non-exempt employees, including Plaintiff and the FLSA Collective, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). O.R.C. §§ 4111.03, 4111.10.

20.     During their employment with Defendants, Plaintiff and the FLSA Collective were required to work substantial amounts of overtime, more than forty (40) hours per workweek.

21.     For example, during the two workweek pay period from September 1, 2019 to September 14, 2019, Plaintiff worked 85.75 hours and was paid $17.00 per hour. Defendants, however, did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all the hours he worked in excess of forty (40) hours in a workweek, including for overtime worked during the two workweek period from September 1, 2019 to September 14, 2019.

22.     As a mechanic (approximately 50-60% of his job) Plaintiff worked on vehicles under 10,000 pounds, including service vans, and therefore meets the small vehicle exception to the Motor Carrier Act, 29 U.S.C. § 213(b)(1). As a welder (approximately 40-50% of his job) Plaintiff refabricated spreader pipes for trench boxes for gas and water lines. He also welded smaller vehicles like service vans.

23.     Instead of compensating Plaintiff and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants regularly paid Plaintiff and the FLSA Collective less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

24.     Although Defendants suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

25.     Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## Defendants' Record Keeping Violations

26.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

6

27.     Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

**The Willfulness of Defendants' Violations**

28.     Defendants knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

29.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

30.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219, and O.R.C. Chapter 4111.

**COLLECTIVE ACTION ALLEGATIONS**

31.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

33.     The FLSA Collective consists of:

All present and former service technicians, welders, and employees with similar job titles and/or duties of Defendants during the period of three years preceding the commencement of this action to the present.

34.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by

7

Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 15 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

<u>**COUNT ONE**</u>
**(FLSA Overtime Violations)**

37.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

39.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

40.     Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

41.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

42.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

43.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

44.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

46.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

47.     Defendants' failure to properly compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

48.     These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

49.     O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any

amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's

fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.      Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D.      Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

11

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

_s/ Ryan A. Winters_
Ryan A. Winters (0086917)