## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is entered into this 29th day of March, 2021 by and between Hook-N-Haul, LLC., Owner Bryan Whittenberg ("Defendants") and Zachary Gerber ("Plaintiff") (each also a "Party" and collectively the "Parties").

WHEREAS, Plaintiff was once employed by Defendants;

WHEREAS, a dispute exists between the Plaintiff and Defendants regarding whether Plaintiff should have been classified as exempt or non-exempt under the Fair Labor Standards Act ("FLSA") (hereinafter the "dispute");

WHEREAS, this dispute was taken up through litigation in the U.S. District for the Northern District of Ohio, case number: 1:20-cv-01955-JG.

WHEREAS, to resolve the dispute, Defendants agree to pay a settlement amount to Plaintiff;

WHEREAS, the Parties mutually desire to amicably resolve any and all wage disputes among them in order to avoid the expense and inconvenience of litigation of this dispute;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

1) All parties must sign this Agreement for it to become effective. Further, the "Effective Date" of this Agreement shall be the date the Court approves the Parties' settlement agreement as set forth herein. If any Party refuses to sign, or the Court does not approve the Parties' settlement, this Agreement is null, void, and of no effect, and neither party shall rely upon or refer to this Agreement, or the terms hereof, for any purpose in the Action.

2) In consideration of the mutual execution of this Agreement and Release, the undertakings herein, and the agreement to be legally bound, Defendants agree to pay or cause to be paid the following (the "Settlement Amount") of $750.00, which includes (a) a $250.00 "Wage Payment" to Plaintiff, subject to statutory wage deductions; (b) a $250.00 "Liquidated Damages" payment to Plaintiff; and (c) $250.00 in Plaintiff's Counsel's attorney's fees and reimbursed litigation costs and expenses ("Attorneys' Fees and Costs to Plaintiff's Counsel").

Tax Treatment of Settlement Payments: The Payment made in accordance with Section 2(a) ("Wage Payment") will be treated as a wage payment subject to deduction of the employee

share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2. Payments made in accordance with Section 2(b) ("Liquidated Damages") shall be treated as non-wage income and reported to the appropriate taxing authorities on Forms 1099. The "Attorneys' Fees and Costs to Plaintiff's Counsel" will be considered non-wage income and reported to the appropriate taxing authorities on Forms 1099. Plaintiff acknowledges that he has received no opinion or advice with respect to the taxability, if any, of the payment made to him or him counsel. Defendant shall pay the foregoing Settlement Amount by delivery to Plaintiff's counsel by April 15, 2021. Defendants will issue and mail all checks by the above date to the following address via FedEx with tracking number to:

> SCOTT & WINTERS LAW FIRM, LLC
> The Caxton Building
> 812 Huron Rd. E.
> Suite 490
> Cleveland, OH 44115

3) Except as provided herein, the Parties agree to be responsible for their own costs and expenses including attorney's fees.

4) The Parties represent that there are no administrative charges, lawsuits, civil actions or claims of any kind pending against one another, their predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff expressly acknowledges that upon his actual receipt of all amounts set forth as the Settlement Amount (paragraph 2 herein), he has been compensated for his claims and that, to the extent any administrative agency seeks further recovery, that, by virtue of this Settlement Agreement, Plaintiff would not be entitled to any further compensation.

5) This Agreement does not constitute an admission by any Party of any wrongdoing with regard to Plaintiff's employment with Hook-N-Haul or of any violation by any Party of any federal, state, or local law, ordinance or regulation or of any liability or wrongdoing whatsoever. Neither this Agreement or anything in the agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6) Except for the obligations of the Parties set forth expressly and specifically below, the Parties do hereby irrevocably and unconditionally release and discharge forever each other from all manner of actions or causes of actions, suits, proceedings (whether civil,

administrative or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were or could have been brought in this action including the FLSA or similar Ohio state laws or rules. Based on this Agreement, Plaintiff expressly releases any claims he has or may have under the FLSA and Ohio wage laws to the maximum extent allowed by law. For clarity, this release does not apply to claims in the future arising from acts or omissions that occur solely following the date of this Agreement.

7) Nothing in the preceding paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the Parties is a Specific Release to be broadly construed under the FLSA and Ohio wages laws. Hook-N-Haul LLC and its employees, agents, elected and appointed officials, officers, and directors are hereby released by the Agreement for all wage claims which were or could have been brought in any FLSA or Ohio wage action to date, to the maximum extent allowed by law.

8) Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the part against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

9) In the event of a dispute between the parties to this Agreement, or any subsequent agreements, all parties agree to first attempt to resolve the dispute together.

10) This Agreement may be executed in counterparts, and each counterpart, which executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose. Execution by facsimile, electronic signature, email or other electronic means shall be deemed effective as if executed in original.

11) This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

12) This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Ohio, notwithstanding its rules governing choice of law. The parties

agree that exclusive venue and jurisdiction for any disputes between the Parties shall be state or federal courts sitting in or for the State of Ohio.

      13)     No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

      14)     The Parties request that the Court retain jurisdiction to enforce the terms of this Settlement Agreement.

      IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

This **Mar 31, 2021** day of March, 2021.

_____
Zachary Gerber (Mar 31, 2021 13:22 EDT)

Zachary Gerber

This _____ day of March, 2021.

_____
Bryan Whittenberger, Owner
Hook-N-Haul, LLC.

4 of 4